UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TITUS ARON-EL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-532-GSL-JEM |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Titus Aron-El, a prisoner without a lawyer, filed an amended complaint. ECF 16. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Aron-El alleges that he has been housed in Indiana State Prison's "C" cell house since January 2024. When he arrived, he was placed in a cell that had not been cleaned. There was human waste, which he had to clean up without the benefit of adequate supplies. Additionally, the door to Aron-El's cell was damaged and hanging off the hinges. He further alleges that pigeons and other birds have taken up residence in the cell house, and he has developed breathing and eye problems due to exposure to their

excrement coupled with an inadequate ventilation system. He also alleges that the medical treatment he received for his breathing and eye problems was inadequate. He is suing Indiana Department of Correction, Warden Ron Neal, and Debra Taylor, the Hazardous Materials Supervisor and Pest-Control Inspector, for subjecting him to unconstitutional conditions of confinement, and providing inadequate medical care. His amended complaint seeks both monetary damages and injunctive relief.

*Aron-El's Conditions of Confinement Claims*

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Prolonged exposure to infestations can be serious enough to amount to an Eighth Amendment violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D.Ill. 2016).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Aron-El asserts that pigeons and other birds are living in the cell house and their excrement is everywhere. He further asserts that the ventilation system does not use any kind of filtering system so dried excrement is recirculated. Aron-El's earlier complaint indicated that he suffered from respiratory health problems that he associated with the conditions in the cell, but it did not indicate what symptoms he experienced, when he started experiencing them, why he believes the symptoms are linked to the presence of pigeons, when he sought medical care, or what medical care, if any, was provided. In the amended complaint, Aron-El clarifies that he began having shortness of breath, dizziness, and eye problems after living in the unit. He filed out several health care request forms between March 10, 2024, and May 10, 2024. In one of those requests, he says he did not have problems with breathing or his eyes before

3

being housed in "C" cell house and he believes the problems are due to the bird excrement. ECF 16-1 at 10. He indicates that his requests for medical care were not responded to until May 22, 2024. He does not say if he saw a health care provider and he does not provide any other details about the response, but the exhibits attached to his amended complaint show that he was prescribed allergy medication. ECF 16-1 at 13. Giving Aron-El the benefit of all plausible inferences, these allegations are sufficient to satisfy the objective component of the analysis.

On the subjective prong of the analysis, Aron-El asserts that he addressed his concerns in a grievance dated May 9, 2024. He never received a response to the grievance. Outside of filing a grievance in May 2024, he describes no further interactions with either Warden Ron Neal or Debra Taylor, although he claims they were both aware of the conditions due to unspecified complaints by other inmates.

"[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Given the nature of her position, it is plausible to infer that ISP's pest inspector, Debra Taylor, was aware of the conditions related to bird excrement that Aron-El describes in "C" cell house and failed to take action to remedy those conditions, so Aron-El will be permitted to proceed against her on an Eighth Amendment claim for subjecting him to unconstitutional conditions of confinement caused by pigeon excrement. However, it is not plausible to infer that Debra Taylor had

4

any knowledge or our control over the condition of Aron-El's cell upon his arrival. And, it is not plausible to infer that Warden Neal was aware of the conditions of Aron-El's cell or dorm such that he could be held individually liable. However, Aron-El will be granted leave to proceed against Warden Neal in his official capacity for permanent injunctive relief from the conditions created by long-term exposure to bird excrement. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

*Aron-El's Claims Regarding Inadequate Medical Care*

Aron-El asserts that the defendants were deliberately indifferent to his serious medical needs when medical staff delayed providing him with medication to address his breathing and eye problems. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was

5

at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

It is unclear which defendant Aron-El is suing for his allegedly inadequate medical care. As already explained, defendants can be held liable for their own misdeeds but not for other's misdeeds. *See Burks*, 555 F.3d at 596. Additionally, supervisors who facilitate, approve, condone, or turn a blind eye to unconstitutional behavior can be held liable. *See Matthews*, 675 F.3d at 708. However, it cannot be plausibly inferred that either Pest Inspector Debra Taylor or Warden Ron Neal was personally involved in any decisions regarding Aron-El's medical care. Therefore, he may not proceed against them in their individual capacities.

Furthermore, Aron-El cannot proceed on a claim for monetary damages against the Indiana Department of Correction because it is immune from such suits. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). To the extent that Aron-El is seeking prospective injunctive relief in the form of additional health care, his allegations are far too vague to state a claim. He alleges only that there was a delay in initially seeing a provider, and he was unhappy with the care he received. Therefore, he may not proceed on a claim for injunctive relief to obtain additional medical care.[1]

---

[1] Aron-El did not file a separate motion for preliminary injunction, as required by Northern District of Indiana Local Rule 65-1(a). However, he did request a preliminary injunction ordering the defendants to provide him with medication for his breathing problems in his amended complaint. Because he has not stated a claim based on his allegations of inadequate medical care, his request for a preliminary injunction must also be denied.

*Aron-El's Request for an Order Prohibiting Retaliation*

Aron-El also seeks an order restricting the defendants from engaging in retaliation. He did not file a separate motion seeking a preliminary injunction, as required by Northern District of Indiana Local Rule 65-1(a). Additionally, his amended complaint does not assert that he is being retaliated against and he is not being granted leave to proceed on a retaliation claim. Furthermore, there are no facts alleged in the complaint suggesting that Aron-El's fears of retaliation are based on anything more than speculation. Therefore, no such order will issue.

For these reasons, the court:

(1) GRANTS Titus Aron-El leave to proceed against Debra Taylor in her individual capacity for compensatory and punitive damages for subjecting him to unsanitary conditions of confinement due to an infestation of pigeons and other birds, from January 2024, to present, in cell house "C" of Indiana State Prison, resulting in a new onset of breathing and eye problems, in violation of the Eighth Amendment;

(2) GRANTS Titus Aron-El leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to provide him with sanitary conditions of confinement related to his complaints of exposure to excrement from pigeons and other birds, consistent with the requirements of the Eighth Amendment;

(3) DISMISSES the Indiana Department of Correction;

(4) DISMISSES all other claims;

(5) DENIES Titus Aron-El's requests for preliminary injunctions in the form of an order to provide him with medication for his breathing problems and an order prohibiting retaliation (ECF 16 at 7, 9);

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal and Debra Taylor at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 16);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal and Debra Taylor to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 9, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT