UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TITUS ARON-EL,

    Plaintiff,

       v.                              CAUSE NO. 3:24-CV-532-GSL-JEM

RON NEAL, et al.,

    Defendants.

<u>OPINION AND ORDER</u>

Titus Aron-El, a prisoner without a lawyer, is proceeding in this case: (1) "against

Debra Taylor in her individual capacity for compensatory and punitive damages for

subjecting him to unsanitary conditions of confinement due to an infestation of pigeons

and other birds, from January 2024, to present, in cell house 'C' of Indiana State Prison,

resulting in a new onset of breathing and eye problems, in violation of the Eighth

Amendment;" and (2) "against Warden Ron Neal in his official capacity for injunctive

relief to provide him with sanitary conditions of confinement related to his complaints

of exposure to excrement from pigeons and other birds, consistent with the

requirements of the Eighth Amendment[.]" ECF 23 at 7. The defendants filed a motion

for summary judgment, arguing Aron-El did not exhaust his available administrative

remedies before filing this lawsuit. ECF 32. Aron-El filed a response, and the defendants

filed a reply. ECF 41, 42, 43. The motion for summary judgment is fully briefed and ripe

for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative

rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison which required Aron-El to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 32-1 at 2; ECF 32-2 at 3. Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 32-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

The record shows Aron-El submitted two grievances relevant to his claims against the defendants. First, on May 9, 2024, Aron-El submitted a grievance addressed

3

to the warden complaining that a pigeon infestation had been spreading contaminants around his cellhouse ("first May 9 grievance"). ECF 32-4 at 3. That same day, Aron-El submitted a second, more detailed grievance addressed to Debra Taylor complaining that a pigeon infestation was creating unsanitary conditions in his cellhouse ("second May 9 grievance"). ECF 41-2 at 28-29. Aron-El did not receive a receipt or response from the grievance office to either grievance within ten business days, so on May 29, 2024, he submitted "Request for Interview" forms to the Grievance Specialist informing her of the lack of response to these grievances. *Id.* at 25, 31. On June 13, 2024, the grievance office rejected and returned Aron-El's first May 9 grievance, requesting that he provide additional information including which staff he had spoken to about the issue. ECF 32-4 at 2. The record contains no evidence Aron-El ever received any receipt or response to his second May 9 grievance.

Here, the undisputed facts show Aron-El exhausted all administrative remedies that were available to him with regard to his second May 9 grievance. Specifically, Aron-El attests and provides evidence that he submitted the grievance to the grievance office, received no timely receipt or response from the grievance office, and followed up by sending a "Request for Interview" form to the Grievance Specialist notifying her of the lack of response. ECF 41-2 at 28, 31. At that point, the Grievance Specialist needed to "investigate the matter and respond to the offender's notification within ten (10) business days." ECF 32-2 at 9. There is no evidence the Grievance Specialist did so, which left Aron-El without any further available remedies to exhaust with regard to this grievance. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding an

4

inmate has exhausted his administrative remedies "when prison officials fail to respond to inmate grievances because those remedies [have] become 'unavailable'"); *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement.").

In their reply, the defendants do not dispute any of this evidence. Instead, they argue Aron-El did not exhaust his available remedies before filing this lawsuit because he could have revised and resubmitted his *first* May 9 grievance after it was rejected by the grievance office. True, Aron-El could have done more to exhaust his first May 9 grievance by correcting and resubmitting the grievance after it was rejected by the grievance office. But because the undisputed facts show Aron-El exhausted all of the administrative remedies that were available to him with regard to his *second* May 9 grievance, and because his second May 9 grievance is sufficient to exhaust both of his claims in this lawsuit, the fact that he had not fully exhausted his first May 9 grievance does not alter the exhaustion analysis. Nothing in the Offender Grievance Process required Aron-El to exhaust more than one grievance. *See Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 833–34 (7th Cir. 2020) (prisoners are not required to "go beyond the established system" to exhaust); *see also Fordley v. Lizarraga*, 18 F.4th 344, 355 (9th Cir. 2021) (observing that "once an administrative remedy is exhausted, a claimant need not do more" because "over-exhaustion is not required") (cleaned up).

Accordingly, the undisputed facts show Aron-El exhausted all available administrative remedies with regard to his second May 9 grievance, as the grievance office made any further remedies unavailable by failing to respond to both the grievance and the subsequent written notice. Therefore, the defendants have not met their burden to show Aron-El did not exhaust his available administrative remedies before filing this lawsuit. Their motion for summary judgment (ECF 32) is DENIED.

SO ORDERED on June 5, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT